UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

ARNOLD REEVES,

                      Plaintiff,

                                        ORDER

      - against -

                                       CV 10-2766 (ARR)(MDG)

JERMAINE L. WILKINS,

                      Defendant.

- - - - - - - - - - - - - - - - - - -X

    Plaintiff pro se, Arnold Reeves, has filed two motions which essentially challenge the truthfulness of statements in the declaration of Paulette Savage that counsel for defendant Jermaine Wilkins served in support of the defendant's motion to dismiss. In both motions, Mr. Reeves states Ms. Savage fraudulently stated that Camille Rodriguez, a case manager at the federal correctional facility at Fort Dix, took a leave of absence and then retired from the Bureau of Prisons ("BOP") in 2008. He points to the contrary allegations in his Amended Complaint that as a result of complaints he made, a Carmen Rodriguez was terminated by the BOP and that her termination is what caused defendant Jermaine Wilkens to retaliate and engage in improper conduct.

    In one of his motions, Mr. Reeves seeks a "show cause hearing" to require Ms. Savage to testify by telephone. See ct. doc. 28. In his other motion, which he describes as a motion for partial summary judgment, he seeks to strike the declaration of

Ms. Savage[1] because it is a fraud upon the Court and presented in bad faith. See ct. doc. 27. He also seeks to have a sixty day extension to respond to defendant's motion to dismiss and requests the Court to issue an order directing the Department of Justice's Office of the Inspector General to investigate this matter. Id.

DISCUSSION

Because the defendant has moved pursuant to Rules 12(b)(1), 12(b)(6) and 56 of the Federal Rules of Civil Procedure, plaintiff is advised that the Court, in determining any part of the defendant's motion, must accept the material factual allegations in plaintiff's Amended Complaint to be true. If there is a factual dispute that is material to the defendant's

---

[1] Although the plaintiff characterizes this motion as one for partial summary judgment, it is essentially one to preclude the declaration of Ms. Savage. Courts have recognized that preclusion is a sanction within the authority of magistrate judges, although preclusion is ordinarily raised in the context of a motion for discovery sanctions, rather than here, in the context of a motion to dismiss or for summary judgment. See Kiobel v. Millson, 592 F.3d 78, 88 (2d Cir. 2010) (Cabranes, J., concurring); UBS Intern. Inc. v. Itete Brasil Instalacoes Telefonicas Ltd., 2011 WL 1453797 at *1, n. 1 (S.D.N.Y. 2011) (citing cases); R.F.M.A.S., Inc. v. So, 748 F.Supp.2d 244, 247-48 & n. 1 (S.D.N.Y. 2010) (treating magistrate judge determination precluding witnesses as non-dispositive). Plaintiff's motion for a "show cause hearing" is essentially one for discovery and raises a scheduling issue, again a pretrial matter.

Thus, I address plaintiff's motions in the first instance as matters within my pretrial authority. Plaintiff is advised that he has a right to object to this order by filing an objection by September 6, 2011. In his objections, he may raise the proper standard of review and deference for review of this order.

motion, then the motion may be denied and the factual disputes later resolved at trial or a later hearing.  Thus, insofar as Mr. Reeves is seeking testimony from Ms. Savage and a determination of the accuracy of her statements, the request is best determined after consideration of the legal arguments raised by defendant.

In fact, the statements of Ms. Savage that Mr. Reeves disputes are not central to the grounds for dismissal raised by defendant in his motion.  The defendant's first argument is that the plaintiff did not exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  Also, the defendant argues that the plaintiff cannot assert a claim for civil fraud because he did not exhaust the administrative remedies required under the Federal Tort Claims Act, 28 U.S.C. § 2675 et seq.  These aspects of defendant's motion concern what the plaintiff did or did not do and have nothing to do with Ms. Rodriguez or her employment status.

Next, defendant contends that the plaintiff cannot satisfy the requirements for establishing his First Amendment claim of retaliation.  Defendant first argues that the actions which plaintiff alleges in the Amended Complaint are improper are not "adverse actions," as required by law.  In considering this argument, the Court will consider the nature of the specific conduct alleged -- that defendant verbally abused plaintiff and obstructed his effort to persuade the Designation and Sentence Computation Center ("DSCC") by intercepting plaintiff's letter

requesting DSCC to change plaintiff's security classification. These have nothing to do with Ms. Rodriguez.

The defendant also argues that plaintiff will be unable to establish a causal connection between his grievance against Ms. Rodriguez and his alleged improper conduct because of the long gap in time between the two and because defendant and Ms. Rodriguez worked at two different institutions. The Court may be able to consider the defendant's legal arguments of lack of causation without considering whether Ms. Rodriguez resigned or was terminated. Although the defendant does make a passing reference to Ms. Savage's declaration that Ms. Rodriguez was not terminated, the defendant does so in the course of his argument that plaintiff cannot prove causation other than through mere speculation. <u>See</u> Memorandum of Law in Support of Defendant's Motion to Dismiss or, in the Alternative for Summary Judgment at 18. Importantly, the Court may not consider this causation argument unless the Court rejects the defendant's preliminary argument that there was no adverse action or causal connection by virtue of the lapse in time and change in institutions.

The remainder of the legal arguments raised by defendant in his motion to dismiss also have nothing to do with Ms. Savage's statements about Ms. Rodriguez. Whether plaintiff has a protected liberty interest in security classifications, whether defendant's actions are protected by qualified immunity and whether plaintiff may assert a civil claim of fraud under

criminal laws are arguments based on legal considerations and facts as to events at the Metropolitan Detention Center.

Thus, this Court finds that it is not necessary at this time for the parties to engage in discovery about Ms. Rodriguez's employment history. In determining defendant's motion to dismiss, the Court will keep in mind that plaintiff disputes the statements in Ms. Savage's declaration regarding Ms. Rodriguez's employment. If the Court denies any part of the defendant's motion, plaintiff shall be given an opportunity to conduct discovery. If any claims that remain touch upon the reasons for retaliation, the Court will discuss with the parties the extent of discovery permitted, including whether a deposition of Ms. Savage or other BOP employees is warranted.

However, at this time, the parties should focus on briefing the motion to dismiss. Plaintiff has requested additional time to respond to the defendant's motion to dismiss and this request is granted.

Finally, plaintiff's request for an order directing the Department of Justice to conduct an investigation is denied as a request that cannot be addressed by this Court in this action.

## CONCLUSION

For the foregoing reasons, plaintiff's motions for an order to show cause (ct. 28) and for a determination as to the falsity of the affidavit of Paulette Savage served by the defendant (ct.

doc. 27) are denied, except that plaintiff's request for an extension is granted. Plaintiff's time to serve a motion to dismiss is extended to September 30, 2011 and defendant's time to serve a reply is extended to October 14, 2011.

**SO ORDERED.**

Dated: Brooklyn, New York
August 17, 2011

_/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE
(718) 613-2550